# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**RONALD DAVID JONES,**

    Plaintiff,

vs.                                        Case No.  4:21cv319-AW-MAF

**FLORIDA DEPARTMENT OF EDUCATION,**

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, initiated this case on July 29, 2021. Within a six week period of time, Plaintiff filed six separate cases.[1] Plaintiff was granted leave to proceed in forma pauperis, ECF No. 5, and most recently, required to file a second amended complaint by October 12, 2021. ECF No. 8.  That deadline has now passed without compliance.  Because

---

[1] In addition to this case, he filed case number 4:21-cv-00320-MW-MAF, Jones v. Gadsden County School, on 07/29/21; he filed case number 4:21-cv-00323-AW-MAF, Jones v. Gadsden County School Board, on 08/02/21; he filed case number 4:21-cv-00324-MW-MAF, Jones v. Florida Department of Education, on 08/03/21; and he filed case number 4:21-cv-00331-WS-MAF, Jones v. City of Quincy, on 08/06/21; and Plaintiff filed case number 4:21-cv-00377-MW-MAF, Jones v. Gadsden County School Board, on 09/15/21.

Plaintiff had been warned that if he failed to comply a recommendation would be made to dismiss this case, it now appears that Plaintiff has abandoned this litigation.[2]

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order. See Ciosek v. Ashley, No. 3:13cv147-RV-CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015). The Supreme Court has held that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs . . . . " Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); see also N.D. Fla. Loc. R. 41.1. Furthermore, the Eleventh Circuit Court of Appeals has noted that "[w]hile dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of

---

[2] It is noteworthy that Plaintiff also abandoned the second case he had filed against the Florida Department of Corrections, case number 4:21cv324-MW-MAF, and a Report and Recommendation is now pending in that case. See ECF No. 7.

Case No. 4:21cv319-AW-MAF

discretion." <u>Moon v. Newsome</u>, 863 F.2d 835, 837 (11th Cir. 1989). It is within this Court's discretion and "inherent authority" to dismiss an action for failing to comply with Rule 11. <u>Smith v. Bruster</u>, 424 F. App'x 912, 915 (11th Cir. 2011) (stating it "was within the district court's discretion to dismiss the plaintiffs' § 1983 action without prejudice either under Rules 11 and 41(b) or under its inherent authority"). Here Plaintiff was forewarned of the consequences of not complying with a Court Order and, yet, failed to prosecute this case. Dismissal is appropriate.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on October 14, 2021.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  **Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.**  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.